UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

In Re:

Ronald & Shirley Shipman,

Case No.: 05-20269 NLW

Adv. No.:

Hearing Date:

Judge: Novalyn L. Winfield

Order Filed on
2/7/2006
by Clerk U.S. Bankruptcy
Court District of New Jersey

**OPINION**

The relief set forth on the following pages, numbered one (1) through ___7_____ is hereby **ORDERED**.

**DATED: 2/7/2006**

Honorable Novalyn L. Winfield
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re: | Case No.    05-20269 (NLW) |
| Ronald & Shirley Shipman, | Chapter 13 |
| Debtor(s) | |

**OPINION**

Before: Honorable Novalyn L. Winfield

APPEARANCES:

Rosemary A. Spohn, Esq.
Honig & Greenberg, LLC
One Echelon Plaza
227 Laurel Road, Suite 100
Voorhees, NJ 08043
Attorneys for Creditor Phoenix Funding, Inc.

William R. Holzapfel, Esq.
City Attorney
City of Elizabeth
City Hall
50 Winfield Plaza
Elizabeth, NJ 07201
Attorney for Defendant City of Elizabeth

*Approved by Judge Novalyn L. Winfield February  07, 2006*

This matter is brought before the Court on a motion by Phoenix Funding Inc. ("Phoenix") to equitably toll the five year time period provided by N.J.S.A. 54:5-33 for recovery of the premium paid by a purchaser of a tax sale certificate. The City of Elizabeth opposes the motion. As set forth below, the Court finds that it must deny the motions for lack of jurisdiction.

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New jersey on July 23, 1984. The present motion is neither a core proceeding under 28 U.S.C. § 157(b)(2)(A) nor a non-core proceeding under § 157(c). The following constitutes the Court's findings of fact and conclusions of law in accordance with the Federal Rule of Bankruptcy Procedure 7052.

### **FACTS**

On or about June 10, 2002 Phoenix purchased a tax sale certificate from the City of Elizabeth with regard to premises owned by Ronald and Shirley Shipman ("Debtors"), and known as 471-473 Walnut Street, Elizabeth, New Jersey. The principal for the unpaid municipal assessments was $209.91. When it purchased the tax sale certificate, Phoenix also paid a premium of $1,500.00. Thereafter, Phoenix paid nine subsequent tax payments, the last payment occurring on February 23, 2005.

In part because of their tax arrears, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code on April 1, 2005. Their Chapter 13 Plan proposes payment of their debts, including the obligation to Phoenix, over sixty (60) months in equal monthly installments. Phoenix filed its proof of claim in the amount of $35,605.33. It is this amount which the Debtors propose to pay over the life of their Chapter

13 Plan.

Although New Jersey State law provides for redemption of a tax sale certificate by means of a lump sum payment, Phoenix does not quarrel with the Debtors' intention to satisfy the tax sale certificate by payments under a 60 month Plan. Rather, Phoenix worries that it will lose the opportunity to recover the $1,500.00 premium which it paid when it purchased the tax sale certificate. Phoenix notes that under N.J.S.A. 54:5-33 it can only recover the premium if the tax sale certificate is redeemed within five years of the date of the sale. Since Phoenix purchased the tax sale certificate on June 10, 2002, it can only recover the premium if the tax sale certificate is redeemed on or before June 9, 2007. The Debtor's proposed Plan will not end until 2010, long after the date by which redemption must occur under the New Jersey statute. In order to preserve its ability to recover the premium, Phoenix asks this Court to equitably toll the redemption period contained in the New Jersey statute.

## CONCLUSIONS OF LAW

Neither Phoenix nor the City of Elizabeth address the jurisdiction of this Court to consider the present motion. However, it is an essential threshold question inasmuch as the bankruptcy court is a court of limited jurisdiction. The obligation of the Court to insure that it has subject matter jurisdiction is incorporated in Federal Rule of Bankruptcy Procedure 7012(h)(3) which states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

In Copelin v. Spirco, Inc., 182 F.3d 174, 179 (3d Cir. 1999) the Court opined that "jurisdiction is a threshold issue determined by speculating whether the ultimate outcome of the litigation could

3

conceivably affect the bankruptcy estate." Thus, the Court must consider whether a matter is either a core or non-core proceeding under 28 U.S.C. §157(b) or (c), respectively. If it is neither, then the bankruptcy court lacks the authority to address the dispute. In this Circuit, "a proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that by its nature could arise only in the context of a bankruptcy case." In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991). Non-core proceedings are defined by the statute as proceedings which are not core, but are otherwise related to a bankruptcy case. See 28 U.S.C. § 157(c)(1). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984). Examination of the facts at hand in light of the this test reveals that this matter is neither a core nor a non-core matter. Consequently, the court lacks jurisdiction to decide the Phoenix motion.

Importantly, the premium paid by Phoenix is not a debt owed by these Debtors. Bankruptcy Code §101(12) defines a debt as a liability on a claim, and § 101(5)(A) defines a claim in pertinent part as a

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured;

11 U.S.C. § 101(5)(A).

Under N.J.S.A. 54:5-32 the sale of property for delinquent taxes is made to the bidder who will purchase the property subject to redemption at the lowest rate of interest. The statute further provides that if the bidder offers to purchase subject to a redemption at a rate of interest less than 1%, "he may, in lieu of any rate of interest to redeem, offer a premium over and above the amount of taxes, assessments or

*Approved by Judge Novalyn L. Winfield February 07, 2006*

other charges ... and the property shall be struck off and sold to the bidder who offers to pay the amount of such taxes, assessments or charges, plus the highest amount of premium. N.J.S.A. 54:5-33 further provides in pertinent part:

> Any premium payment shall be held by the collector and returned to the purchaser of the fee if and when redemption is made. If redemption is not made within five years from date of sale the premium payment shall be turned over to the treasurer of the municipality and become a part of the funds of the municipality.

Notably, the statute distinguishes between redemption and recovery of the premium. No payment of the premium is required from the party redeeming the property. Rather, if redemption is accomplished within five years, the tax collector refunds the premium to the holder of the tax sale certificate.

The conclusion that the premium is not part of the obligation which must be paid in order to redeem the property is further supported by reference to N.J.S.A. 54:5-58, which provides:

> The amount required to redeem within 10 days from and including the date of sale, unless a tax sale certificate has been duly issued during the 10 day period, shall be the sum paid at the sale, with interest from the date of sale at the rate of redemption for which the property was sold. After 10 days from the date of the sale including the date of sale as the first day, or after issuance of the tax sale certificate during the 10 day period, the amount required for redemption shall be that amount plus the expenses incurred by the purchaser as hereinafter provided, and subsequent municipal liens, as provided in sections 54:5-59 and 54:5-60 of this Title.

Importantly, though the statute addresses the amount required to redeem and specifically identifies and includes expenses incurred by the purchaser and subsequent municipal liens, it does not include the premium as a required item.[1] Thus, applying the Bankruptcy Code definitions of "debt" and "claim," the

---

[1] See also, Michael G. Pellegrino and Ralph P. Allocca, "Tax Certificates: A Review of the Tax Sale Law", 26 Seton Hall L. Rev. 1607, 1610 (1996) in which the authors note that no authority exists for requiring the property owner to reimburse the premium on redemption.

5

premium cannot constitute part of the Phoenix claim in this bankruptcy, and the Debtors do not owe a debt to Phoenix on account of the premium.

As a result, there is no bankruptcy issue for adjudication by this Court. Section 157(b)(2) provides that core proceedings include but are not limited to:

    (A)    matters concerning the administration of the estate;
    (B)    allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purpose of confirming a plan under chapter 11, 12 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
    (C)    counterclaims by the estate against persons filing claims against the estate;
    (D)    orders in respect to obtaining credit;
    (E)    orders to turn over property of the estate;
    (F)    proceedings to determine, avoid, or recover preferences;
    (G)    motions to terminate, annul, or modify the automatic stay;
    (H)    proceedings to determine, avoid, or recover fraudulent conveyances;
    (I)    determinations as to the dischargeability of particular debts;
    (J)    objections to discharge;
    (K)    determinations of the validity, extent, or priority of liens;
    (L)    confirmations of plans;
    (M)    orders approving the use or lease of property, including the use of cash collateral;
    (N)    orders approving the dale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;
    (O)    other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and
    (P)    recognition of foreign proceedings and other matters

*Approved by Judge Novalyn L. Winfield February  07, 2006*

under chapter 15 of title 11.[2]

Not even the so called "catch-all" subsections, (A) and (O) of § 157(b)(2) come into play because any tolling of the New Jersey statute affects only the rights of Phoenix and the City of Elizabeth. In so concluding, the Court is mindful that application of the catch all provisions should not be so broad as to create an exception that would swallow the rule. See, In re Orion Pictures Corp., 4 F.3d 1095, 1102 (2nd Cir. 1993). None of the Debtors' rights or obligations are affected, and accordingly there is no effect on administration of the estate, the liquidation of estate assets, or the debtor-creditor relationship. The same reasoning applies to the determination that the issues between Phoenix and the City of Elizabeth do not constitute "related to," non-core proceedings.

## CONCLUSION

As set forth above, this Court lacks jurisdiction to decide the Phoenix motion. Accordingly, the motion is denied without prejudice to Phoenix' right to move for such relief in the State Court.

---

[2]This subsection was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.